The People of the State of New York ex rel. Edwin M. Sirotta, Relator, v. Frank J. Sampson, City Marshal of the City of New York, and the Warden of the City Prison, New York County, Defendants.

Supreme Court, Special Term, New York County, March 24, 1937.

*David F. Cohen,* for the relator.

*Frank J. Sampson,* city marshal of the city of New York, in person.

*John J. Bennett, Jr., Attorney-General* [*Robert P. Beyer* of counsel], for the clerk of the Municipal Court of City of New York, Borough of Manhattan, Fifth District.

McLaughlin (C. B.), J. In this proceeding this court finds that the relator was served with a summons which bore a statement to the effect that he was liable to arrest. This was a compliance with section 25 of the Municipal Court Code. It is also established that the plaintiff in the Municipal Court, as a salesman, did have a claim which made the relator subject to arrest (Mun. Ct. Code, § 139). This section is complete and exclusive as to the right of a plaintiff to an execution against the person and of the duty of the clerk to grant one. It is also the sole criterion of the propriety of such an execution and the manner in which it is to be executed. It would also seem that it was the intention of the Legislature to make wage earners favored litigants by not only giving the right

to an execution against the person, but also declaring *in hæc verba* just what is necessary for the obtaining of such an execution. It is exclusive in its operation, and the provisions of sections 29 and 128 of the Municipal Court Code, which relate to arrests and body executions other than the type referred to in section 139 of the Municipal Court Code, are not applicable. There is no basis for the relief sought on a writ of habeas corpus. Writ is dismissed and the relator is remanded.